United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW R. OGILVIE,<br><br>        Plaintiff,<br><br>   v.<br><br>SELECT PORTFOLIO SERVICING, FKA FAIRBANKS CAPITAL CORPORATION, et al.,<br>        Defendants.<br>_____/ | No. 12-CV-001654-DMR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

     Defendants Select Portfolio Servicing, FKA Fairbanks Capital Corporation ("Select Portfolio"), U.S. Bank National Association ("U.S. Bank"), as trustee on behalf of the holders of the Credit Suisse First Boston Mortgage Securities Corporation Home Equity Pass Through Certificates, Series 2006-8 ("the Trust"), National Default Servicing Corporation ("National Default"), and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively, "Defendants") filed a motion to dismiss Plaintiff Andrew R. Ogilvie's first amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff timely filed an opposition to the motion. The court conducted a hearing on July 12, 2012. For the reasons below, Defendants' motion is granted, and Plaintiff's first amended complaint is dismissed with leave to amend.

\\\

## I. BACKGROUND

On July 13, 2006, Plaintiff recorded a Deed of Trust in the Contra Costa County Recorder's Office against 891 Marin Road, El Sobrante, CA 94803 ("the Property") to secure an Adjustable Rate Note in the amount of $288,750.00 in favor of Ownit Mortgage Solutions, Inc. (Am. Compl. ¶ 15; Req. for Judicial Notice in Supp. of Defs.' Notice of Mot. to Dismiss Pl.'s Am. Compl. ("RJN"), Ex. 1.) The Deed of Trust names Stewart Title of California as Trustee and MERS as "Nominee" for Lenders. (Am. Compl. ¶ 15; RJN, Ex. 1.) Ownit Mortgage Solutions, Inc. securitized the Deed of Trust, and sold it to the Trust, with U.S. Bank as the Trustee and Select Portfolio as the loan servicer. (Am. Compl. ¶ 16.)

On April 3, 2009, a Corporate Assignment of Deed of Trust ("Corporate Assignment") was recorded purporting to transfer the beneficial interest of the Deed of Trust from MERS to U.S. Bank. (Am. Compl. ¶ 18; RJN, Ex. 2.) Bill Koch signed the document as Assistant Secretary of MERS. (Am. Compl. ¶ 18; RJN, Ex. 2.) However, Koch is listed as an Assistant Secretary of Select Portfolio in the document's Notary Public acknowledgment. (Am. Compl. ¶ 18; RJN, Ex. 2.) On the same day, a recorded Substitution of Trustee indicates that U.S. Bank made a substitution of Trustee under the Deed of Trust in favor of National Default. (Am. Compl. ¶ 19; RJN, Ex. 3.) Olivia A. Todd signed the document as President of Select Portfolio, servicing agent for U.S. Bank, but Todd allegedly is President of National Default. (Am. Compl. ¶¶ 19, 29; RJN, Ex. 3.)

Select Portfolio later recorded a Notice of Default and Election to Sell Under Deed of Trust. (Am. Compl. ¶ 17; RJN, Ex. 4.) On January 24, 2011, National Default recorded a Notice of Trustee's Sale. (Am. Compl. ¶ 20; RJN, Ex. 5.) On January 9, 2012, National Default recorded a Trustee's Deed Upon Sale to convey the Property to U.S. Bank. (Am. Compl. ¶ 21; RJN, Ex. 6.)

Plaintiff filed his complaint in state court on March 1, 2012. Defendants removed the action on April 3, 2012. Plaintiff filed his first amended complaint on April 17, 2012, alleging two causes of action: 1) slander of title, and 2) wrongful foreclosure. Defendants move to dismiss the first amended complaint in its entirety.

\\\

## II. LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted). A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twomby*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), *overruled on other grounds by Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion. *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record'" pursuant to Federal Rule of Evidence 201. *Id.* at 688-89 (9th Cir. 2001) (quoting *Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991)); *see Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002).

## III. ANALYSIS

### A. Defendant's Request for Judicial Notice

Defendants request judicial notice of foreclosure-related documents recorded in the Contra Costa County Recorder's Office. (RJN at 2-3.) The court takes judicial notice of the documents as matters of public record pursuant to Federal Rule of Evidence 201.

\\\

**B. The Slander of Title Claim**

"The recordation of an instrument facially valid but without underlying merit will give rise to an action for slander of title." *Stamas v. Cnty. of Madera*, 795 F. Supp. 2d 1047, 1068 (E.D. Cal. 2011) (citing *Seely v. Seymour*, 190 Cal. App. 3d 844, 857 (1987)). In California, the Plaintiff must establish: "(1) a publication, (2) which is without privilege or justification, (3) which is false, and (4) which causes direct and immediate pecuniary loss." *Lykkeberg v. Bank of Am., N.A.*, No. C-12-00772-JW, 2012 WL 1099773, at *6 (N.D. Cal. Apr. 2, 2012) (citing *Manhattan Loft, LLC v. Mercury Liquors, Inc.*, 173 Cal. App. 4th 1040, 1051 (2009)).

Plaintiff sufficiently pleads two of the four elements: publication and falsity. The publication element is satisfied because the foreclosure documents in question are matters of public record. (Am. Compl. ¶¶ 15-21; RJN, Exs. 1-6.) As to falsity, Plaintiff alleges that the recorded documents are false because the Corporate Assignment and the Substitution of Trustee, which purport to transfer the beneficial interests of the Deed of Trust, do not legally transfer those interests. Plaintiff's falsity allegation relies on two theories, only one of which Plaintiff adequately pleads.

Plaintiff first alleges that the Corporate Assignment is false because MERS did not have the authority to transfer the beneficial interest. (Am. Compl. ¶¶ 23-26.) This theory fails as a matter of law. Under California law, "MERS, as nominal beneficiary, has the power to assign its interest under a deed of trust." *Herrera v. Fed. Nat'l Mortg. Ass'n.*, 205 Cal. App. 4th 1495, 1498 (2012). *Herrera* looked to the language in a Deed of Trust, which gave express authorization to MERS to take certain actions as nominee for the Lender:

> The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to the Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property . . .
>
> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to,

4

> the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and cancelling this Security Instrument.

*Id*. at 1499. The court determined that "[p]laintiffs granted MERS [the authority to assign the note] by signing the deed of trust." *Id*. at 1498-99, 1503-06; *see Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-73 (2011); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1157-58 (2011) (citing *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1189-90 (N.D. Cal. 2009)). The language of the Deed of Trust in the instant case is identical to the Deed of Trust analyzed in *Herrera*. (*See* RJN, Ex. 1 at 2-3.) Thus, Plaintiff's allegation that MERS lacked authority to assign the interest in the Deed of Trust fails under *Herrera*.

Plaintiff's second theory is that the Corporate Assignment and the Substitution of Trustee are false because both documents are signed by individuals who are not who they represent themselves to be. The complaint alleges that Mr. Koch signed as Assistant Secretary of MERS, when he is actually Assistant Secretary of Select Portfolio. (Am. Compl. ¶ 27.) Similarly, Plaintiff alleges that Ms. Todd signed as President of Select Portfolio, when she is actually President of National Default. (Am. Compl. ¶ 29.) The court must accept these allegations as true for purposes of this motion. Plaintiff has sufficiently pled the falsity element of his slander of title claim.

Turning to the remaining elements of the slander of title claim, Plaintiff fails to adequately plead that the publication is without privilege or justification. California Civil Code section 47(c)(1) states: "[a] privileged publication or broadcast is one made: (c) [i]n a communication, without malice, to a person interested therein, (1) by one who is also interested." Cal. Civ. Code § 47(c)(1). Nonjudicial foreclosure documents are subject to this privilege. *See* Cal. Civ. Code § 2924(d); *Dubose v. Suntrust Mortg., Inc.*, No. 5:11-CV-03264-EJD, 2012 WL 1376983, at *3 (N.D. Cal. Apr. 19, 2012) (dismissing slander of title claim because notice of default, notice of trustee sale, and substitution of trustee are subject to privilege); *Lykkeberg*, 2012 WL 1099773, at *6 (dismissing slander of title claim because transfer of deed is subject to privilege); *Ramirez v. Right-Away Mortg. Inc.*, No. C-11-01839-WHA, 2011 WL 3515931, at *3 (N.D. Cal. Aug. 11, 2011) (not reported in F. Supp. 2d) (dismissing slander of title claim because notice of default is subject to privilege).

An exemption to the section 47 privilege arises upon an allegation of malice. *Permito v. Wells Fargo Bank, N.A.*, No. C-12-00545-YGR, 2012 WL 1380322, at *8 (N.D. Cal. Apr. 20, 2012) (citing *Kachlon v. Markowitz*, 168 Cal. App. 4th 316 (2008)) ("Absent factual allegations of malice, a trustee's performance of the statutory procedures in a nonjudicial foreclosure is subject to the qualified, common-interest privilege of California Civil Code § 47(c)(1).")). Malice requires "that the publication was motivated by hatred or ill will towards the plaintiff *or* by a showing that the defendant lacked reasonable ground for belief in the truth of the publication and therefore acted in reckless disregard of the plaintiff's rights." *Kachlon*, 168 Cal. App. 4th at 336 (quoting *Sanborn v. Chronicle Pub. Co.*, 18 Cal. 3d 406, 413 (1976)) (emphasis in original) (quotation marks omitted). Plaintiff alleges that Defendants acted in malice and reckless disregard for the truth when they formulated false documents. (Am. Compl. ¶ 31.) However, this allegation is conclusory; the mere "formulation of false documents" is inadequate to plead malice.

Plaintiff also fails to plead sufficiently that Defendants caused direct and immediate pecuniary harm. First, Plaintiff does not allege specific facts to support his bare assertion that the Property's vendibility was impaired. (*See* Am. Compl. ¶ 31.) Second, Plaintiff alleges that attorneys' fees and cost incurred in the current action constitute pecuniary harm. (Am. Compl. ¶ 32.) However, "in an action for slander of title fees incurred to quiet title are recoverable and fees incurred prosecuting the slander of title are not." *Ryan v. Editions Ltd. W., Inc.*, No. C-06-4812-PVT, 2007 WL 4577867, at *13 n.13 (N.D. Cal. Dec. 27, 2007) (not reported in F. Supp. 2d). Because the alleged monetary loss is limited to attorneys' fees and costs for pursuing the slander of title action, the allegations fail to establish pecuniary harm as a matter of law.

Therefore, the court dismisses Plaintiff's slander of title claim with leave to amend.

**B. The Wrongful Foreclosure Claim**

In *Lona v. Citibank, N.A.*, the court set forth the elements of an equitable cause of action for wrongful foreclosure:

> (1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the

6

1  sale, the trustor or mortgagor tendered the amount of the secured indebtedness or
2  was excused from tendering.

3  202 Cal. App. 4th 89, 104 (2011).

### 1. Illegal Sale

Plaintiff alleges several grounds for demonstrating an illegal, fraudulent, or willfully oppressive sale, two of which he pleads adequately.

First, Plaintiff alleges that the foreclosure is oppressive and wrongful because U.S. Bank was not the true beneficiary at the time of the Trustee's Sale and could not legally be granted the Property as foreclosing beneficiary. (Am. Compl. ¶ 36.) Plaintiff asserts that the Corporate Assignment did not convey the beneficial interest to U.S. Bank for two reasons: (1) because MERS could not convey the beneficial interest; and (2) because Mr. Koch improperly signed the Corporate Assignment as Assistant Secretary of MERS, when he is actually Assistant Secretary of Select Portfolio. (Am. Compl. ¶¶ 27, 36.) While Plaintiff's MERS allegations fail as a matter of law because, as discussed above, MERS is authorized under the Deed of Trust to assign a beneficial interest to U.S. Bank, Plaintiff's false signatory allegation, taken as true, is sufficient to plead the element of illegal sale in support of a claim for wrongful foreclosure.

Second, Plaintiff alleges that the foreclosure is invalid because National Default is not the true Trustee and, therefore, did not have the power to legally convey the Property as Trustee in the Trustee's Deed Upon Sale. (Am. Compl. ¶ 37.) Plaintiff asserts that National Default is not the true Trustee because Ms. Todd improperly signed the Substitution of Trustee as President of Select Portfolio, when she is actually President of National Default. (Am. Compl. ¶¶ 29, 37.) These allegations, taken as true, are sufficient to plead the element of illegal sale.

Third, Plaintiff alleges that the foreclosure violates California Civil Code section 2932.5. (Am. Compl. ¶¶ 38-39.) Section 2932.5 states that the power to sell real property "vests in any person who by assignment becomes entitled to payment of the money secured by the instrument. The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded." Cal. Civ. Code § 2932.5. Plaintiff alleges that "[b]ecause the attempted Assignment of the Deed of Trust failed, Defendant U.S. Bank was not the *true* beneficiary under Plaintiff's Deed

United States District Court
For the Northern District of California

of Trust as reflected in the public chain of title." (Am. Compl. ¶ 39.) In examining the Assignment, Plaintiff again asserts that the Corporate Assignment did not convey the beneficial interest to U.S. Bank because MERS could not convey the beneficial interest, and because Mr. Koch improperly signed the Corporate Assignment. (Am. Compl. ¶¶ 27, 39.) As discussed above, the allegation regarding MERS fails as a matter of law. Although Plaintiff adequately pleads an illegal sale based upon the false signatory allegation, that allegation does not advance a claim for a section 2932.5 violation. Section 2932.5 applies only to mortgages and not deeds of trust. *Permito*, 2012 WL 1380322, at *4 ("Plaintiff cannot base her wrongful foreclosure claim on failure to comply with [section 2932.5] recording requirements that apply only to mortgages."); *see Roque v. Suntrust Mortg. Inc.*, No. C-09-00040-RMW, 2010 WL 546896, at *3 (N.D. Cal. Feb. 10, 2010) (not reported in F. Supp. 2d); *Herrera*, 205 Cal. App. 4th at 1508-10; *Selby v. Bank of Am., Inc.*, No. 09-CV-2079-BTM-JMA, 2010 WL 4347629, at *3 (S.D. Cal. Oct. 27, 2010) (not reported in F Supp. 2d); *Parcray v. Shea Mortg., Inc.*, No. CV-F09-1942-OWW-GSA, 2010 WL 1659369, at *11-12 (E.D. Cal. Apr. 23, 2010) (not reported in F. Supp. 2d).

**2. Prejudice or Harm**

Plaintiff has not adequately pled prejudice or harm. Plaintiff alleges that he was prejudiced and harmed because he lost his home, lost the equity in his home, and was forced to engage counsel for this matter. (Am. Compl. ¶¶ 41-42.) Prejudice or harm is not established unless the plaintiff demonstrates "that the foreclosure would have been averted but for [the] alleged deficiencies." *Reynoso v. Paul Fin., LLC*, No. 09-3225-SC, 2009 WL 3833298, at *4 (N.D. Cal. Nov. 16, 2009) (not reported in F. Supp. 2d); *see also Ghuman v. Wells Fargo Bank, N.A.*, No. 1:12-CV-00902-AWI-BAM, 2012 WL 2263276, at *5 (E.D. Cal. Jun. 15, 2012) ("Plaintiffs would be hard pressed to show any conceivable prejudice, given Plaintiffs have offered no facts to suggest the substitution of NDEx (or the allegedly improper recording thereof) adversely affected their ability to pay their debt or cure their default."). Plaintiff does not allege that foreclosure would not have occurred but for the supposed improper transfer of interest.

\\\

8

### 3. Tender or Excuse From Tender

The tender element of wrongful foreclosure is an equitable concept. The Court declines to apply the tender rule at this early pleading stage without an opportunity to undertake a more informed analysis of the equities, and where the claim is dismissed on other grounds with leave to amend. *See Tamburri v. Suntrust Mortg., Inc.*, No. C-11-2899-EMC, 2011 WL 6294472, at *5 (N.D. Cal. Dec. 15, 2011) ("These exceptions and qualifications counsel against a blanket requirement of the tender rule at the pleading stage. The Court thus declines to dismiss the complaint on the basis of her failure to allege tender."); *ING Bank v. Ahn*, No. C-09-995-TEH, 2009 WL 2083965, at *2 (N.D. Cal. Jul. 13, 2009) (not reported in F. Supp. 2d) ("While the Ahns will clearly need to demonstrate their ability to fully effectuate a rescission for the Court to enter an order of rescission, ING has offered no authority that requires this Court to dismiss the matter for failure to demonstrate the ability to tender at [the pleading] stage of litigation."); *Chan & Tang v. Bank of Am., N.A.*, No. SACV-11-2048-DOC-DTBX, 2012 WL 960373, at *7 (C.D. Cal. Mar. 19, 2012) (not reported in F. Supp. 2d) ("[T]his Court declines to apply the tender rule at the pleading stage where Plaintiff's have alleged a facially plausible violation . . . ."); *Storm v. Am.'s Servicing Co.*, No. 09-CV-1206-IEG-JMA, 2009 WL 3756629, at *6, *8 (S.D. Cal. Nov. 6, 2009) (not reported in F. Supp. 2d) ("The Court finds that it need not make a determination on [the tender rule], except to note that failure to allege tender is not decisive at [the pleading] stage. . . . [L]ack of tender is not fatal to Plaintiff's claim at this stage.")

Plaintiff's wrongful foreclosure claim is dismissed with leave to amend.

\\\

### IV. CONCLUSION

For the foregoing reasons, Defendants motion to dismiss Plaintiff's first amended complaint is GRANTED and Plaintiff's first amended complaint is DISMISSED with leave to amend.

IT IS SO ORDERED.

Dated: July 23, 2012

DONNA M. RYU
United States Magistrate Judge